**WHEELER v. SMITH et al.**

Circuit Court of Appeals. Ninth Circuit.
January 14, 1929.

No. 5560.

Joseph, Haney & Littlefield and John C. Veatch, all of Portland, Or., for appellant.

Bowerman & Kavanaugh, of Portland, Or., for appellee Smith.

Wm. B. Layton, of Portland, Or., for appellees Schneelock and others.

Before RUDKIN and DIETRICH, Circuit Judges, and NORCROSS, District Judge.

NORCROSS, District Judge. In the matter of Telegram Publishing Company, bankrupt, the District Court for the District of Oregon approved with certain modifications an order made by the referee in respect to three certain claims presented for allowance. The case comes to this court on appeal from the order of modification and approval.

The appellant, J. E. Wheeler, filed a claim for a balance due in the amount of $101,907.71. Ralph H. Schneelock and the Ralph H. Schneelock Company filed their joint claim for $45,085 for moneys advanced, and Ralph H. Schneelock filed an additional claim for $50,000, with accrued interest, as the holder of the bankrupt's promissory note in that amount.

The Schneelock claim upon the note was allowed by the referee for the principal thereof, and this allowance was approved, with the addition of accrued interest to the date of the adjudication of bankruptcy in the amount of $8,059.70. The other Schneelock claim was approved less an amount of $35,-

500, which was an item duplicated in both the Wheeler and Schneelock claims. The referee found as a fact that this item of $35,500 was advanced by the Schneelock Company to J. E. Wheeler personally, who in turn advanced it to the bankrupt. The ruling of the referee in this respect was also approved.

In regard to the Wheeler claim, the referee ruled that there should be deducted therefrom the principal of the $50,000 note allowed in the Schneelock claim, because that note had been made by the bankrupt for the benefit of Wheeler personally, and for which he at the time made, or was supposed to have made, his note to the Telegram Publishing Company for a like amount; that there should be also deducted the said item of $35,-500 for the reason that, at the time advances were made by Wheeler to the bankrupt, he was the sole owner of all the stock of the corporation; that it was conducted exclusively for his benefit and purposes; that, in effect, such advances amounted to contributions to the capital of the enterprise, and it would be inequitable under such circumstances to permit such a claim to compete with claims of general creditors. The referee made an additional deduction, not questioned upon this appeal, and approved the Wheeler claim for the amount of $13,245.85. Upon review, the court below charged against the Wheeler claim a further offset of $8,059.70, the amount of interest allowed on the Schneelock claim, and, as so modified, approved the claim in the sum of $5,186.15.

It is contended by the appellant that it was error to deduct from the Wheeler claim the said item of $35,500. The precise question of the disallowance of the claim of a person owning all of the stock of a bankrupt corporation does not appear to have been heretofore determined. It is contended that as the corporation is a separate, legal entity, such claimant is entitled to the same consideration as any other creditor. While a few courts have held that a corporation should not be regarded as a separate entity where all of the stock is held by one person, the weight of authority is to the contrary. 14 C. J. 52.

In the recent case of Majestic Co. v. Orpheum Circuit, 21 F.(2d) 720–724, the Circuit Court of Appeals for the Eighth Circuit, citing many authorities, said: "The corporation will be regarded as a legal entity as a general rule, and the courts acting cautiously and only when the circumstances justify it, will ignore the fiction of corporate entity, where it is used as a blind or instrumentality to defeat public convenience, justify wrong, or perpetrate a fraud, and will regard the corporation as an association of persons."

The stock of the Telegram Publishing Company was purchased in 1914 by the claimant J. E. Wheeler and his brother, L. R. Wheeler. In November, 1926, J. E. Wheeler acquired his brother's interest. The corporation proceeded to operate without a board of directors, and J. E. Wheeler was the sole directing head of the corporation. He was interested in a number of other enterprises, some or all of which also appeared to be in financial straits. The Schneelock and Schneelock Company claims grew out of an effort upon the part of Schneelock to finance all of the various Wheeler enterprises. As a part of the general scheme of finance, J. E. Wheeler purchased his brother's interest in the stock of the Telegram Publishing Company. Prior to such purchase, J. E. Wheeler had advanced to the company $252,296.48, and had withdrawn $187,836.48. Subsequent to his purchase of his brother's stock, he is credited with advances in the amount of $80,-994.84, and withdrawals in the sum of $42,-547.23. The referee approved, except for a deduction of $3,161.86, not here in question, the Wheeler account for that portion accruing prior to his acquiring the total capital stock of the company, and disallowed that portion growing out of subsequent transactions.

It appears to have been the practice of J. E. Wheeler to withdraw or use funds of any of his various enterprises to aid others. For example, there is an item of $3,000 in the Schneelock claim for a check issued to the Telegram Publishing Company which Wheeler indorsed and delivered to the McCormick Lumber Company. This item appears to have been charged by the referee against the Wheeler claim. It is not considered that the Telegram Publishing Company was injured by this practice of Mr. Wheeler. If any conclusion could be drawn therefrom, it would appear to be that the Telegram Company received more aid than it in turn extended. The referee specifically found that the transactions of Mr. Wheeler, here involved, "are free from any charge of fraud upon the rights of third parties involved."

Unless it can be said that the mere fact that Wheeler had acquired all the stock of the bankrupt corporation disentitles him to recover for loans or advances made to the company after such event, there is no justification for the deduction from his claim of the item of $35,500. It is conceded that no authority has been found for so holding. The particular money in question was furnished

in the first instance by Schneelock for the particular purposes of the company. So far as he was concerned, it was a loan, and when the Schneelock claims were filed it was claimed as a loan direct to the company. Wheeler claimed, and the referee so found, that in fact it was a loan to him, and that he in turn loaned it to the company. The fact nevertheless is that the company required and received the money. The book entry of the Telegram Company refers to the money "as coming from Schneelock on account of J. E. Wheeler." If the loan or advancement had been direct by Schneelock, there is no question but the latter would have been allowed it in his claim. The mere fact that the money was advanced to the company indirectly through Wheeler does not seem to us to afford good reason for deducting it from both claims. It is not easy to see upon what theory this loan or advancement should be regarded as a capital investment upon the part of Wheeler. We do not understand that any other theory is urged other than that conclusion should follow from the premise that Wheeler had become the sole stockholder and was managing the business as his own. There might possibly be some basis for this view, if, upon the acquiring of all the stock of a company, the sole stockholder inaugurated some radical change in the manner of conducting the business. There appears to have been none in this case. Wheeler began making advances to and withdrawing money from the company upon his brother and himself acquiring the stock, and that practice continued the same after as before he became sole stockholder.

The facts in this case in our opinion do not present any sound reason why Wheeler should be allowed the balance of advancements over withdrawals for the time the stock of the company was held by himself and his brother, and should not be allowed for excess of advancements over withdrawals subsequent to that time. While the claim of a sole stockholder against a bankrupt corporation should be scrutinized with care, it is not the law that such a claim should be rejected merely because the claimant is such sole stockholder.

Appellant contends that the court below erred in approving the order allowing the claim of Ralph H. Schneelock for $50,000 upon a promissory note of the bankrupt corporation, of date December 31, 1924. This note was originally issued by the publishing company to J. E. Wheeler, who in turn gave or was to give to the company his note for the same amount. Wheeler indorsed the note in blank to one L. R. Wells as collateral security for Wheeler's promissory note to Wells for $7,745.47. At the time of the adjudication in bankruptcy, Wheeler owed Wells upon the note a balance of $1,817.16. Schneelock paid to Wells the amount due him, and took an assignment also of the collateral corporate note. The note issued by Wheeler to Wells contained the following agreement: "It is hereby understood and agreed that the collateral upon this note shall be applicable to any other note or claim held by the said L. R. Wells, or the legal holder hereof, against me, and in case of the exchange or addition to the collateral above described, the provisions of this note shall extend to such new or additional collateral." At the time of bankruptcy, and at the time of the purchase of the said note by Schneelock from Wells, Wheeler was indebted to Schneelock personally on other notes and claims in the sum of approximately $40,000, which sum was in addition to the item of $35,500, which, on the finding of the referee, constituted advances from Schneelock to Wheeler rather than from Schneelock to the bankrupt. It is the contention of appellant that as the balance due to Wells was only $1,817.16, that amount only should be allowed in favor of Schneelock, and further that such amount only should be charged as an offset against the claim of the appellant. It is contended by counsel for Schneelock that, as the trustee in bankruptcy has taken no appeal from the decision of the court below, and no request was made of him so to do, appellant is not in position to now raise the question, especially as he made no objection to the allowance of the claim before the referee. We think this view is well taken. Assuming the note to have been a valid obligation against the company, a question upon which we express no opinion, it was proper to charge the amount thereof with accrued interest as an offset against the claim of Wheeler for whose benefit the note was issued. Whether, after the amount due on the Wells note purchased by Schneelock is satisfied, Wheeler or Schneelock is entitled to the additional dividends which may be paid on account of the claim based on the collateral note, or to any division of such dividends as between themselves, we express no opinion as such question is not before us.

The order appealed from is modified by allowing upon the claim of J. E. Wheeler the rejected items amounting to $35,500, making the total amount allowed thereon $40,686.15. As so modified, the order is affirmed.