## J. FRANCIS HOCK & COMPANY *v.* E. FLORENCE STROHM.

[No. 118, October Term, 1933.]

*Decided January 30th, 1934.*

254

The cause was argued before BOND, C. J., URNER, ADKINS, OFFUTT, PARKE, and SLOAN, JJ.

*Cary D. Hall, Jr.,* with whom was *Robert J. Macgregor* on the brief, for the appellants.

*Edward L. Putzel,* for the appellee.

URNER, J., delivered the opinion of the Court.

In a distribution by receivers of the Thomas A. Strohm Company, Inc., a dividend was allowed by the audit to the appellee on her claim for money advanced to the corporation in amounts aggregating $4,025. Exceptions by other creditors to that allowance were overruled, and the exceptants have appealed.

The appellee, Mrs. E. Florence Strohm, owns sixty-five shares of the company's stock, while ten shares are held by Louis C. Praeger, its president, and four shares by Thomas A. Strohm, Jr., its secretary and treasurer. There are no other stockholders of the company. The money advanced to it by Mrs. Strohm was used for the purposes of the printing business in which it was engaged. The advancements covered a period of five years preceding the receivership. They were simply entered on the cash book of the corporation, but according to the evidence they were made and accepted as loans. In opposition to their recognition as debts upon a basis of equality with the claims of other creditors, it is urged that the money advanced by the appellee was for the benefit of a corporation of which she was practically the owner. Support for the exceptions is also said to be found in the fact that no reference to any indebtedness to the appellee was made, in reports to two banking institutions, for credit purposes, of the corporation's assets and liabilities. But those

reports were made without the appellee's knowledge, and they induced none of the credits extended by the objecting claimants. The only bank debt which now appears to be owing by the company is one for which the appellee is obligated as surety. It has not been presented as a claim in the receivership proceeding.

The printing business conducted by the corporation had been in operation for many years, and the appellee had been actively connected with it prior to the last ten years of its existence. During that period she had been prevented by illness from performing any duties at its place of business, but was consulted about twice a week in regard to its affairs. In compensation for her services, and as "interest" on her stock, no dividends being declared, the appellee received from the company weekly payments of $25, to which amount they had been reduced from $40 and $35 paid at earlier periods. Those payments are said to indicate that the appellee was thus being reimbursed for her advancements. But that theory is not sustainable in view of the evidence, including proof of the fact that the weekly payments were being made long before the appellee made the first of the loans on which her claim is based.

While the amount realized from the assets of the corporation is insufficient for the payment of its creditors in full, the appointment of receivers was not in consequence of any allegation or proof of insolvency. The receivership was procured for the purpose of preserving equality for all creditors as against the effort of one to obtain priority by legal action. The last financial statement of the corporation, made shortly before the receivership, showed assets sufficient to satisfy fully all of its creditors.

A valid loan can be made to a corporation by one who owns the greater part or even all of its capital stock. In the absence of any element of fraud or imposition or of a subordinating equity, such a loan is recoverable to the same extent as if made to the corporation by any other lender. *Dollar Cleansers & Dyers, Inc., v. McGregor*, 163 Md. 105,

161 A. 159; *Carozza v. Federal Finance & Credit Co.*, 149 Md. 223, 131 A. 332. It was said by this court, in the opinion by Judge Parke, in the second of the cases just cited, page 238 of 149 Md. 131 A. 338: "The equitable rule that the form of a corporate entity may be disregarded where the ownership of all of its corporate stock is in one person is not of general application, but is commonly limited to those instances in which it becomes necessary to disregard a formal corporate existence to prevent fraud or imposition or to enforce a paramount and superior equity." That statement was quoted in the opinion by Judge Adkins in *Dollar Cleansers & Dyers, Inc., v. McGregor, supra,* in which it was said, page 109 of 163 Md., 161 A. 159, 161: "And it is not apparent why the substantial or even the sole owner of the stock may not lend to the corporate entity on the security of a mortgage of the corporate assets, provided the money lent is a *bona fide* loan for corporate purposes. Such a transaction, we think, is not invalid as a matter of law. But its *bona fides* is always open to inquiry." The subject is thus discussed by Mr. France, in his *Principles of Corporation Law* (2nd Ed.), p. 23: "Dominant ownership, whether it be fifty-one or ninety-nine per cent. of the shares, does not of itself make such owner responsible for the debts of the corporation or prevent him from competing with other creditors in the distribution of its assets. It is true that the sole or dominant owner may so conduct himself as to incur personal responsibility; but the doctrine of fraud or estoppel is sufficient to meet such cases. A person knowingly dealing with a corporation has notice of limited liability; if the shares are paid up it can make no difference to him whether they are held by few or by many persons; and if money has been loaned to the corporation by a stockholder, it is immaterial whether the latter be the holder of few or of many shares."

The facts of the cases upon which the appellants specially rely were essentially different from those presented by this record. In *Cantor v. Balto. Overall Mfg. Co.*, 121 Md. 65, 87 A. 1115, the money paid to the corporation by the stock-

holder subsequently claiming to share in its assets as a creditor was expressly represented by him, as one of the company's managers, to have been a contribution to its capital. Analogous conditions were proved in *Pott & Co. v. Schmucker,* 84 Md. 535, 36 A. 592. In *Dollar Cleansers & Dyers, Inc., v. McGregor, supra,* and *Folsom & Co. v. Detrick Fertilizer & Chemical Co.,* 85 Md. 52, 36 A. 446, preferential liens claimed by controlling stockholders were disallowed upon grounds which do not here exist.

In this case the lending stockholder participated in no act or representation by which the objecting creditors were prejudiced, or by which, for any other reason, she could be estopped to assert that the corporation is her debtor with respect to the loans in controversy.

*Order affirmed, with costs.*