## In re POMOC OIL CO.

### SASSO v. GOLDMAN.
### No. 8888.

Circuit Court of Appeals, Ninth Circuit.
Dec. 9, 1938.

Earl E. Moss, of Los Angeles, Cal., for appellant.

George T. Goggin, of Los Angeles, Cal., for appellee.

Before DENMAN, MATHEWS, and HEALY, Circuit Judges.

HEALY, Circuit Judge.

The appeal is from an order in bankruptcy subordinating appellant's claim to the claims of other general creditors.

The Pomoc Oil Company, debtor, undertook the development of certain oil land. The stock of the debtor corporation was owned entirely by George Marcell and wife. In order to raise money for the development the debtor sold a number of participating royalty interests in the proceeds to be derived from the oil expected to be produced, and it also obtained loans from several individuals, of whom the appellant was one.

In August, 1936 Marcell wrote appellant a letter containing the following offer:

"The Pomoc Oil Company owns a lease of 140 acres in Kern County, more particularly described as follows: (Description).

"As per our conversation, the Pomoc Oil Company is about to develop this property, and I offer you one-half (½) of my net profits in either the development or the sale of said lease, for the consideration of your advancing the preliminary, or so-called front money to put the company in a position to qualify its lease. In other

words, to spud in the well before August 21.

"The amount of money necessary to do this would be approximately $2500. However, it may run a little higher, and if it does, I will expect you to advance a small additional sum.

"The company will finance the development of this property in the best possible manner, and I know the proposition will be very profitable to both of us."

Responsive to this offer appellant loaned the debtor an aggregate of $3000. The amount was made up by checks payable to George Marcell, all of which were deposited by Marcell to the account of the debtor. The Marcells gave appellant their personal notes for $2500 of the amount, and later the Pomoc Oil Company also gave appellant its note for that amount. The proceeds of the loan were used by the company in the development of the lease.

Appellant subsequently brought suit against the debtor in the state court, and on March 8, 1937 recovered a default judgment on the note in the amount of $2843. On March 19, 1937 proceedings were commenced for the reorganization of the debtor under § 77B of the Bankruptcy Act, 11 U.S.C.A. § 207, and on July 19 following an order of liquidation was made pursuant to § 77B(c) (8), 11 U.S.C.A. § 207(c) (8).

Appellant filed proof of his claim, based on the judgment, in the amount of the judgment plus interest to the date of the commencement of the proceedings. The trustee objected to the allowance of the claim, and after hearing the referee found "that said claimant entered into an agreement wherein and whereby the said claimant was to receive an interest in the above entitled debtor estate and that the said claimant is a co-adventurer and joint adventurer with the above named debtor in the development of the well of the above named debtor." It was ordered that the claim be subordinated to the claims of general creditors. On petition for review the court confirmed the finding and order of the referee.

There is no evidence to support the finding. Marcell's letter, as well as the oral testimony, indicates without dispute that the only interest acquired by appellant was the right to receive one-half of Marcell's net profits "in either the development or the sale of said lease." Marcell's interest was that of a stockholder in the company.

In the light of the California decisions on the subject it is plain that there was no joint adventure between appellant and the debtor. Spier v. Lang, 4 Cal.2d 711, 53 P. 2d 138; Treat v. Murdock, 8 Cal.2d 316, 65 P.2d 881. The transaction was a loan giving rise only to a debtor-creditor relationship. Appellant was not shown to have had a voice in the management of the venture or to have participated in any way in the work. The proposed sharing of profits was with Marcell, not with the corporation, and the profit was to represent no more than compensation or interest for the use of the money loaned. Spier v. Lang, supra.

This court said in Re Lathrap, 9 Cir., 61 F.2d 37, that it is not necessary that claimants in bankruptcy be regarded as "technically in the nature of joint adventurers or stockholders, in order to determine that their status is inferior to that of general creditors, who have dealt with the bankrupt in good faith and only for a normal profit." However, the claims there were based on the ownership of royalty interests. The claimants, as the court pointed out, were referred to even by themselves as "investors", and were thought to bear a close analogy to preferred stockholders. Similarly, in Bank of America Nat. Trust & Savings Ass'n v. Fisher, 9 Cir., 61 F.2d 53, it was determined that the claimant and the debtor were joint adventurers.

Taking into account considerations which have sometimes impelled bankruptcy courts, under the power to adjust equities existing among general creditors, to postpone particular claims in the distribution of dividends (Remington on Bankruptcy, Vol. 6, § 2875), we find no evidence of any conduct on appellant's part which would make it inequitable for him to share with other creditors, or which estops him from so doing.

Reversed.