## THERIOT v. PLANE.

### No. 9910.

Circuit Court of Appeals, Ninth Circuit.

March 31, 1942.

A. L. Abrahams and Frank H. Love, both of Los Angeles, Cal., for appellant.

Raphael Dechter and Howard V. Calverley, both of Los Angeles, Cal., for appellee.

Before DENMAN, MATHEWS, and STEPHENS, Circuit Judges.

DENMAN, Circuit Judge.

Appellant, a creditor of Desert Glow Oil Co., a corporation, adjudicated in bankruptcy now in course of administration, hereinafter called the Bankrupt, appeals from a judgment of the district court confirming the order of the referee holding appellant's claim to be subordinated to the claims of other creditors.

The bankrupt was a corporation engaged in drilling for oil and gas on premises leased by it and in the operation of wells already drilled there. The outstanding stock was fully paid for. The stockholders were not liable for its debts. The capital of the bankrupt consisted of the money paid for its capital stock and the leased land, and it was to this alone that the creditors could look for the payment of their debts. At the time the creditors sold their goods and gave their services to the bankrupt, the oil field was undeveloped and the credit of the bankrupt upon which the creditors relied was in part the development of the oil and gas wells with the services and material they supplied.

The appellant facilitated the development operations by a loan to the bankrupt of some $34,055.88 for which he received the note of the bankrupt. He further added to the working capital of the bankrupt by furnishing it the use of machinery and equipment for the development of the oil and gas, and also by furnishing the office space for the conduct of the bankrupt's business. He made no claim for these last mentioned contributions to the bankrupt, but claimed merely for his participating share of the bankrupt's estate for the money he had loaned for the development of the field, to which, as stated, all the creditors looked for at least a part of the security of their debt.

The bankrupt had fourteen stockholders. The appellant was one of these and owned slightly less than 74 percent of the outstanding shares of stock. He was also general manager of the corporation.

It is clear from the record and admitted at the hearing that appellant had in no way exercised his authority as general manager of the bankrupt adversely to the interests of either his fellow stockholders or any of the creditors. It is not claimed that the money he loaned the bankrupt was not money used to the advantage of the bankrupt in the development of the oil and gas lease. In this situation it is clear that the case falls within the decision of this court in Wheeler v. Smith, 30 F.2d 59, in which we held that even where the creditor owned all the stock of the corporation, which was operated solely for his benefit, he was entitled to recover on equality with other creditors for the amount of his loan, he having gained no advantage over the other creditors by reason of the loan—that is, unless the fact that appellant had also contributed material and services to the corporation without charge to it but for the benefit of all the creditors deprives him of equal standing with the other creditors.

The referee and the district court held that because of these beneficences to the enterprise, an aid to the remaining 13 stockholders and all the creditors, appellant's claim must be subordinated to the creditors so aided. The reasoning for this extraordinary conclusion is that because he would profit to the extent of 74 percent in the net results of the corporation's activities, if successful, his loan to the bankrupt must be regarded as not a loan but money advanced as a co-adventurer with the bankrupt. We cannot agree with this perversion of the admittedly honest administration of the bankrupt by the appellant. We can see no reason why, because owning 74 percent of the stock of the corporation and making gifts to it in aid of its corporate business which, if successfully accomplished, would yield the assets on which all the creditors relied, appellant should be put into a position of disadvantage with reference to the other creditors. Curiously enough,

it was admitted at the argument that if appellant, instead of making gifts of the use of the office space and of the development equipment, had filed a claim for the value of these contributions he would have been in a position of equality with the other creditors.

We hold that the referee and the district court erred in holding that the gifts of appellant take the case out of the decision in Wheeler v. Smith, supra, and makes him a mere joint-adventurer with the bankrupt corporation. His claim should be paid on a parity with the remaining creditors.

Reversed.