## McDONELL v. SAMPSELL.

### No. 12908.

United States Court of Appeals, Ninth Circuit.

Jan. 23, 1952.

Benjamin & Kronick, Los Angeles, Cal., for appellant.

Frank C. Weller, Hubert F. Laugharn, Thomas S. Tobin and C. E. H. McDonnell, all of Los Angeles, Cal., for appellee.

Before DENMAN, Chief Judge, and ORR and POPE, Circuit Judges.

DENMAN, Chief Judge.

This is an appeal from an order of the district court affirming the order of a referee in bankruptcy that the claim of appellant for a total of $16,664 in unpaid salary be wholly subordinated to the claims of other general creditors.

The appellant McDonell was employed by the bankrupt, Hacker-Byrnes Corporation, in September 1947 as manager of the carpet department at a salary of $15,000 per annum plus 50% of the net profits of that department. On December 1, 1947, the sole shareholder of the bankrupt made appellant a director and the general manager of the corporation at an annual salary of $20,000 plus 15% of the net profits of the company. He was never given any share of ownership in the business. In the middle of 1948 new parties came into partial

ownership of the bankrupt; appellant resigned as director although remaining as general manager. In September 1948 appellant sought to resign this last post, but remained on at the insistence of the new owners who promised to put new capital into the business. He did resign in February 1949 and the corporation went into bankruptcy on the following April 27th.

The claim is for the difference between his base salary during the total employment and the amount of drawings which he made against this base salary. This amount of salary had been deferred until the end of each year pursuant to agreement among the executives of the corporation in order that the corporation would have a greater current liquid capital. No argument is made that the appellant did not have an earning capacity of first $15,000 and then, later, $20,000, for the evidence shows that he made similar amounts in other employment.

The referee allowed the whole claim but subordinated it, which in this case, amounts to denial since the assets are insufficient to pay all other general creditors. The referee makes various findings of fact to justify the subordination, none of which we regard as supported by the evidence.

■ A. The first is that McDonell as a director breached a fiduciary duty in failing to discharge his responsibility to provide for payment of the corporation's debts, which was not done, since upon bankruptcy, liabilities of the corporation exceeded its assets. There is no duty on the part of a director of an embarrassed corporation to cause it to be relieved of that embarrassment. His duty requires of him no more than to use his best efforts to accomplish that result. There is no evidence that he did not so act. Theriot v. Plane, 9 Cir., 126 F.2d 1015.

■■ B. The referee found the salary was excessive in the light of the corporation's ability to pay it. As seen, McDonell's salary was equalled in prior employment. An embarrassed corporation owes a duty to its creditors to employ the best available manager to make its business succeed and pay off the creditors' claims. There is no evidence that McDonell accepted the management knowing that he had an impossible task. The same argument could be made for the subordination of the claims of those who supplied goods to the corporation, knowing its embarrassed condition.

■ C. The referee found the postponement of part of the current salary kept the corporation in business longer than it otherwise would have been and permitted the accumulation of greater liabilities. There is no evidence that the postponement of the salary payments was for any purpose other than to give the corporation a larger working capital. And no evidence that the corporation was longer kept in business because of such postponements. Again, there was no evidence that McDonell knew he was accepting an impossible task.

■■ D. Appellant should have no better position than a joint venturer, even though not one; if his management had been successful, a part of his salary would be computed on the corporate profits. Here, as the referee states, McDonell was not a joint venturer. That his salary would be larger if this management were successful and the creditors paid off is no inequity to the creditors. In re Pomoc Oil Co., 9 Cir., 100 F.2d 210, 211; cf. Theriot v. Plane, supra; Consolidated Royalties v. Ashton, 9 Cir., 132 F.2d 226. The rule is well summarized in In re Bowman Hardware & Electric Co., 7 Cir., 67 F.2d 792, at page 794, as follows: "Before a general creditor's claim against the bankrupt may be disallowed or its status lowered, it must appear that said creditor has been guilty of some act involving moral turpitude or some breach of duty or some misrepresentation whereby other creditors were deceived *to their damage.*"

■ The obvious effect of the referee's holding, if valid, would be that no deeply embarrassed company would be able to employ any person whose ability and experience might make its business successful and able to meet all its obligations, save one who would be willing to take nothing for his services if they were not successful and the liabilities in bankruptcy exceeded the assets. Managers of such corporations are not so hamstrung.

The order of the district court is reversed and the claim of McDonell ordered to be classified as with the claims of other unsecured creditors.