JAMES L. ENTWISTLE *vs.* ENJACO CORPORATION.

JANUARY 30, 1964.

PRESENT: Condon, C. J., Roberts, Powers and Joslin, JJ.

CONDON, C. J.   This is a corporation receivership proceeding in which the superior court allowed the claim of creditors James L. Entwistle and his wife Margherita C. Entwistle in the sum of $42,967.94 over the objection of creditor James Rothwell.   Since the cause is here on his appeal from the superior court's decree of allowance, we shall hereinafter refer to him as the appellant and to the Entwistles as the appellees.

On August 11, 1961 receivers were appointed for Enjaco Corporation, a Rhode Island corporation.   On October 11, 1961 the receivers filed a schedule of claims of about 110 creditors, amounting in the aggregate in excess of $102,000. On December 1, 1961 the court ordered payment of a dividend of 8 per cent on all claims except that filed by the appellees.   The appellant, who had filed a claim and had been paid the dividend ordered thereon, nevertheless objected to the allowance of appellees' claim principally on the ground that the Enjaco Corporation was not a lawfully organized corporation but was actually a business partnership of appellees conducted under that name.

After an extensive hearing the trial justice decided this issue in favor of appellees.   On the evidence before him which he reviewed at length in his rescript he found that necessary facts existed to establish respondent as at least a de facto corporation.   He also concluded therefrom that appellees were bona fide creditors of the corporation and not in fact partners doing business under the guise of the corporate name.   A decree affirming the findings set forth in the rescript and ordering payment of an 8 per cent dividend on appellees' claim was duly entered.

The appellant alleges as reasons of appeal therefrom that the decree is against the law, that the findings contained in the rescript are erroneous and against the law and the evidence and the weight thereof, and that the court erred in overruling his objection to the allowance of appellees'

claim as creditors. In support of such reasons before us he has briefed and argued the following contentions: 1. that the trial justice misconceived or overlooked certain evidence in finding that a corporation existed; 2. that he erred in finding that the facts established respondent as at least a corporation de facto; and 3. that he abused his discretion in allowing appellees to participate equally with other creditors in the distribution of the assets of the corporation. He has discussed the first and second contentions together in his brief. We shall treat them in like manner herein, but before doing so we shall summarize some of the significant portions of the evidence to clarify the precise nature of the problem presented to the trial justice by appellant's objection to the consideration of appellees as creditors.

It appears from the transcript that appellees were originally in the business of designing and developing wire manufacturing machinery as partners under the name of James L. Entwistle Co. from 1942 until 1955. In the latter year they organized a corporation under the name of James L. Entwistle Corporation. It acquired the partnership business and in the fall of 1955 the Entwistles severed their connection therewith. That corporation is not involved in the instant proceeding.

At or about the beginning of 1956 James L. Entwistle was engaged individually as a consulting engineer and was also in partnership with his wife in the business of designing, developing, and selling wire machinery. At first they conducted such business under the trade name of James L. Entwistle Company. However, sometime after November 1958 they were compelled to discontinue the use of that name and they adopted the name Enjaco. They continued their partnership thereunder until February 1959. During that time appellant made certain loans to them, but none of those loans is involved here. The claim which he filed

herein was for certain loans which he made to the respondent corporation in January 1961 and subsequently.

In the meantime in December 1956 appellees had formed a new corporation under the name of James L. Entwistle Co. and had duly filed articles of association therefor in the office of the secretary of state as required by G. L. 1956, §7-2-7. However, after the incorporators had filed the articles nothing further was done toward organizing until January 4, 1957. On that date the incorporators met and fixed the fiscal year of the corporation. At another meeting on November 19, 1958 they elected James L. Entwistle as president and treasurer and Margherita C. Entwistle as secretary of the corporation. On February 25, 1959 the corporate name was changed to Enjaco Corporation by filing an amendment to the articles of incorporation. Apparently no stock had ever been issued and hence there was never any meeting of stockholders. However, annual reports were regularly filed in the office of the secretary of state for the years 1957 to 1961 inclusive. These reports disclosed that the authorized stock was 100 shares of no par value. The officers were listed in such reports with a statement that the "corporation has no directors."

It appears from the evidence that until 1959 appellees never used the corporation for the conduct of their business. In February of that year, after the change of the corporate name to Enjaco Corporation, the corporation's books were duly opened and certain entries made therein on the advice of independent accountants. The opening entry disclosed a capital surplus of $21,368. This equalled the value of certain finished drawings and designs which were contributed by appellees and carried as corporate assets. Total asset entries exceeded liabilities in the amount of $2,559.85, which was listed as capital stock.

During the period 1959 to 1960 inclusive, the corporation filed state and federal tax returns, had a checking account

with the Industrial National Bank and at various times obtained loans therefrom. A report by its accountant of its financial condition as of December 31, 1960 was given to the bank. Such report showed an indebtedness of the corporation to appellees of $41,119.40. It appears from the evidence that a copy thereof was given to appellant at the same time and that he was offered an opportunity to make an examination of the corporation's books. The appellant testified that no offer had been made to him, but he admitted that he had never asked permission to make such an examination.

It is undisputed that appellant knew of the existence of Enjaco Corporation and that on certain occasions he had accepted its notes to cover certain loans which he had made to it. When it was placed in receivership and its creditors were notified to file their claims he recognized the corporation's indebtedness to him by filing his claim and thereafter accepting the 8 per cent dividend thereon.

The appellees' loans to the corporation were entered in its books and its notes to them to cover such loans were admitted in evidence as exhibits. In substantiation of such loans there was uncontradicted testimony and exhibits of contemporaneous withdrawals by appellees of their personal savings with the Industrial National Bank, of a mortgage of their real estate, and of certain borrowing from the Citizens Trust Company in order to realize the necessary funds therefor. By this evidence appellees sought to show that these transactions were bona fide loans to the corporation and not further investments of capital therein.

On this evidence, none of which the trial justice overlooked or in our opinion misconceived, it is clear that a corporation de facto if not de jure came into existence. After carefully reviewing the evidence he found that the three requisites of a de facto corporation were met; possession of a charter, bona fide attempt to incorporate under existing

statutes, and exercise of corporate powers over an appreciable period of time. From our examination of the transcript we cannot say that his findings are clearly wrong. On the contrary we agree therewith. Hence there is no merit in appellant's first and second contentions.

We do not deem it necessary to discuss the law pertaining to the establishment of a corporation de facto. The trial justice's treatment of this phase of the case is comprehensive and convincing and with it we fully agree. In fact if it were necessary to do so we would go further and hold that the corporation here if not de jure was so near thereto that it was obviously a corporation de facto. As such it could be attacked only by the state. *Cohen* v. *Miller*, 5 N.J.Super. 451, 455, citing *Elizabethtown Gas Light Co.* v. *Green*, 49 N.J.Eq. 329, 333.

The appellant's third contention is in our opinion without any basis to support it. Whether the appellees' claim should be subordinated to the claims of the other creditors was a question addressed to the trial justice's discretion. He fully considered it in his rescript, both from the viewpoint of the facts in evidence as well as the law applicable thereto. We find nothing in the transcript which would warrant our saying that he abused his discretion in his findings on the facts, and we are in agreement with his conception of the applicable law. No useful purpose would be served by an extended discussion of either the law or the facts. Suffice it to say that we disagree with the appellant's argument in opposition to the trial justice's view. In our opinion he did not abuse his discretion in refusing to subordinate the appellees' claim to the other creditors' claims.

The appeal is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the superior court for further proceedings.

*Harold H. Winsten,* for appellant James Rothwell.

*Letts & Quinn, Jerome B. Spunt,* for appellees James L. Entwistle et ux.