413 P.2d 180

WEYERHAEUSER COMPANY, a corpora-
tion, Plaintiff-Respondent,

v.

CLARK'S MATERIAL SUPPLY CO., Inc.,
a corporation, Defendant,

Richard Rosenberry, Receiver for Clark's Ma-
terial Supply Co., Inc., Respondent,

D. Earl Clark and Florence E. Clark,
Claimants-Appellants.

No. 9610.

Supreme Court of Idaho.

April 13, 1966.

Earl E. Reed, Nampa, for appellants.

Robert I. Troxell and Bert L. Poole, Boise, for respondent Weyerhaeuser Co.

Richard Rosenberry, Caldwell, for respondent receiver.

McQUADE, Justice.

The following statement of facts is excerpted from the opinion of this court in a prior action between these parties, Rosenberry v. Clark, 85 Idaho 317, 319–320, 379 P.2d 638, 639 (1963):

"For a number of years, appellant D. E. Clark, operated a retail lumber business as a sole proprietorship, under the name of Clark's Material Supply Co. On or about April 16, 1959, he caused said company to be incorporated, at which time the abbreviation 'Inc.' was added to the corporate name (hereinafter referred to as the corporation). D. E. Clark owned all the stock of the corporation except three shares, one of which was owned by Florence E. Clark, his wife, and another by his son. D. E. Clark was president, manager and a director of the corporation. After incorporation the real estate and buildings in which the business of the proprietorship was being carried on were not transferred to the corporation, the title thereto remaining in appellants.

"Under date of June 1, 1959, the corporation, together with D. E. Clark and Flor-

ence E. Clark, individually, executed a promissory note made payable to Eugene M. Kleiner in the sum of $50,000. As security for the payment of said note appellants, as husband and wife, executed a mortgage upon certain real property owned by them in which the business of the corporation was being conducted. As consideration for said note and mortgage Mr. Kleiner issued his check in the amount of $50,000 drawn payable to the order of 'Clark's Material Supply Co., Inc. of Nampa, Idaho and D. Earl Clark and Florence E. Clark, Nampa, Idaho'.

"By order of the trial court dated November 27, 1959, plaintiff-respondent Richard Rosenberry, was appointed receiver of the corporation. This action was commenced by said receiver seeking to recover from appellants the $50,000 and other sums, claiming the same to be assets of the corporation."

In that decision this court affirmed a judgment of the district court which declared the $50,000 in question to be an asset of the corporation and that Mr. and Mrs. Clark had to account for such sum (by stipulation of the parties in that action only $45,000 of the $50,000 loan was in dispute, the receiver apparently agreeing that the remaining $5,000 was Mr. Clark's personal property).

Because the Clark Corporation did not have the funds to repay the $50,000 loan, Kleiner foreclosed on the property advanced by the Clarks as security for the loan and the proceeds therefrom were used to satisfy his debt.

Sometime after this court rendered its decision in the Rosenberry case, supra, Mr. and Mrs. Clark filed a claim with the receiver for $45,000 in which they contended that when they secured the corporation's loan with their personal property which was later sold to satisfy the debt, they loaned that property to the corporation and thereby became creditors of Clark's Material Supply Co., Inc. The receiver disallowed the claim and at the same time instituted this action in the district court by filing a petition for an order disallowing the claim. The district court granted the petition, and the Clarks appeal from the judgment entered thereon.

The parties in this action have stipulated that all files, records, documents or testimony introduced in the Rosenberry case, supra, may be considered by the court as evidence herein.

In addition to the statement quoted from the Rosenberry opinion, there are additional facts and findings which are pertinent to the disposition of this matter.

Neither Mr. nor Mrs. Clark was listed on the corporation's records as a creditor or potential creditor nor was a note executed to the Clarks by the corporation promising to indemnify them in the event the property

they posted as security was foreclosed to satisfy the Kleiner loan. Furthermore, at the time of the transaction, neither the Clarks nor the corporation regarded the security as a loan and in fact the first indication by the Clarks that they regarded it as a loan did not occur until they filed a claim with the receiver after this court's decision in the Rosenberry case.

 The proceeds of the Kleiner loan were to be used to alleviate the pressures from other creditors of the Clark Corporation and for other corporate purposes. However, although $45,000 of the $50,000 loan was deposited over the course of five weeks in the bank account used by the corporation (the corporation did not have its own bank account; it used the special account in the name of Max Clark, D. E. Clark's son, who was also the owner of one share of stock and a director), that money was almost immediately withdrawn and paid over to D. E. Clark. Clark testified that at no time were the proceeds of the $50,-000 loan used in any respect in the operation of the corporation. Shortly after Clark's withdrawal of these funds, the corporation became insolvent and the receivership proceedings were commenced. The trial court below found that:

"Mr. Clark by withdrawing the $50,000.-00 either caused or hastened the insolvency * * *."

Upon reviewing the entire record, it appears there is substantial though conflicting evidence to support this finding. The advisory jury in the prior action, in response to two questions propounded to it, found:

"* * * that D. Earl Clark represented to creditors that he was securing or had secured a loan on behalf of, and for the use of Clarks Material Supply Co., Inc.

* * * * * *

"* * * that Mr. Wood and Mr. Chapman acting as agents for Weyerhaeuser Sales Co. and Mr. Miller, acting as agent for the M & C Lumber Co. [both of which were creditors of Clark's Material Supply Co., Inc.] relied upon the following representations:

"That D. Earl Clark represented that he was securing or had secured a loan ·on behalf of and for the use of Clark Material Supply Co., Inc."

The trial court adopted these answers in its findings and in addition found:

"That D. Earl Clark as general manager of the corporation made representations to various creditors of the corporation that the loan, when secured, would be used for corporate purposes thereby securing additional credit. I further find that D. Earl Clark also made representations to Julius M. Kleiner and Eugene M. Kleiner, in order to secure the loan, that

the proceeds were to be used for and by the corporation and for corporate purposes."

There is evidence that at least one creditor, Weyerhaeuser Company, extended additional credit to the Clark Corporation on the basis of Clark's representation that the proceeds from the Kleiner loan would be available to satisfy that additional credit.

Furthermore, although the $50,000 loan from Kleiner was delivered to D. E. Clark on June 6, 1959, the first deposit in the bank account used by the corporation was not made until August 14, 1959, and the last deposit (a total of $45,000) on September 24, 1959. As stated above, this money was subsequently withdrawn and paid to D. E. Clark, the first withdrawal dated September 15, 1959, and the last on September 28, 1959.

As testified to by Clark himself, the money was not used for corporate purposes or for the use of the named and other creditors and it fairly may be interpreted

that this fact helped to precipitate the insolvency proceedings.

The question of whether or not the sole or dominant stockholder of a corporation (who, in this case, was also its president, general manager and a director) may also become a creditor of the corporation by "loaning" money to it has not previously been decided in Idaho.[1] Other jurisdictions have been divided on this issue. Some courts, reasoning that the corporation is, in effect, the alter ego of the dominating shareholder and that any investments by him are to further his own enterprise and are, therefore, capital contributions rather than loans, have not permitted such an "owner" to become a creditor of his corporation to the detriment of other creditors when he advances funds to it.[2]

On the other hand, there are numerous authorities which state that a dominant shareholder *under proper circumstances* can become a creditor of the corporation on equal terms with other creditors.[3]

---

1. See, however, Frantz v. Idaho Artesian Well etc. Co., 5 Idaho 71, 46 P. 1026 (1896).

2. E. g., Pepper v. Litton, 308 U.S. 295, 60 S.Ct. 238, 84 L.Ed. 281 (1939); New York Trust Co. v. Island Oil & Transport Corporation, 56 F.2d 580 (2nd Cir. 1932); Clere Clothing Co. v. Union Trust & Savings Bank, 224 F. 363 (9th Cir. 1915); Gordon v. Hartford Sterling Co., 350 Pa. 167, 38 A.2d 229 (1944); S. G. V. Co. of Delaware v. S. G. V. Co. of Pennsylvania, 264 Pa. 265, 107 A. 721 (1919); In re Merrick Dairy Co.

of Beloit, 249 Wis. 295, 24 N.W.2d 679 (1946).

3. See, for example, Arnold v. Phillips, 117 F.2d 497 (5th Cir. 1941); Wheeler v. Smith, 30 F.2d 59 (9th Cir. 1929); Obre v. Alban Tractor Company, 228 Md. 291, 179 A.2d 861 (1962); J. Francis Hock & Co. v. Strohm, 166 Md. 253, 170 A. 738 (1934); Albert Richards Co. v. The Mayfair, 287 Mass. 280, 191 N.E. 430 (1934); In re Erie Drug Company, 416 Pa. 41, 204 A.2d 256 (1964); Entwistle v. Enjaco Corporation, 197 A.2d 271 (R.I.1964); H. E. Briggs &

To be sure, there is a distinct division among the various jurisdictions on this question. We find it unnecessary, however, to decide at this time which of the two alternatives is the better reasoned and supported. The circumstances attending the case before us compel the conclusion that Mr. and Mrs. Clark are not creditors of the corporation such as to entitle them to share in distribution of the assets. Even those authorities which permit a dominant shareholder to become a creditor of his corporation state that the transaction will be "carefully scrutinized" to achieve the ends of justice and fairness. In general, the dealings must be in good faith, for the benefit of the corporation in an honest effort to carry on its business, without injury to the rights of other existing or potential creditors, treated as a loan by the parties involved, and contain no elements of fraud or misrepresentation.[4]

The facts in the present case do not meet these tests. Neither the Clarks nor the corporation regarded the advancing of the security as a loan. In addition, the proceeds of the Kleiner loan, according to Mr. Clark's own testimony, were not used by the corporation for corporate purposes. Furthermore, at least one creditor advanced credit to the corporation on the representation that the proceeds of the Kleiner loan would be available to satisfy the debt, which they were not. We do not imply that this loan was conceived for the purpose of deliberately defrauding other creditors. We merely hold that the transaction whereby the Clarks advanced security does not meet the requirements of a valid loan by a dominant shareholder to his corporation.

The judgment is affirmed.

Costs to respondents.

McFADDEN, C. J., and TAYLOR, SMITH, and SPEAR, JJ., concur.

Co. v. Harper Clay Products Co., 150 Wash. 235, 272 P. 962 (1928); Annot. 31 A.L.R.2d 663; 18 Am.Jur.2d Corporations §§ 490, 504; 18 C.J.S. Corpora- tions § 483; 13 Fletcher, Cyc. Corp. § 5756 (rev. vol. 1961).

4. See especially Obre v. Alban Tractor Co. and Arnold v. Phillips, both cited in footnote 3, supra.