In re BRANDING IRON STEAK
HOUSE, a corporation,
Bankrupt.

Thomas C. WOOD, Trustee in Bankruptcy
of the Estate of Branding Iron Steak
House, a corporation, Bankrupt, Plain-
tiff-Appellant,

v.

Gordon X. RICHMOND,
Defendant-Appellee.

No. 74–2922.

United States Court of Appeals,
Ninth Circuit.

May 24, 1976.

William J. Tierman, Santa Ana, Cal., for plaintiff-appellant.

Scott D. Richmond, Orange, Cal., for defendant-appellee.

### OPINION

Before ELY and WALLACE, Circuit Judges and VAN PELT,* District Judge.

ELY, Circuit Judge:

Richmond, the appellee, filed a claim against the bankrupt estate of Branding Iron Steak House, a corporation. The Bankruptcy Judge subordinated Richmond's claim to the claims of all other creditors of the bankrupt. The District Court reversed without opinion, and the Trustee appeals. We affirm.

The Bankruptcy Judge's findings of fact reveal the following: In 1961 Richmond and Alexander agreed to build, equip, and operate a restaurant known as the Branding Iron Steak House. Alexander, a restauranteur, was to manage and operate the restaurant, while Richmond, an attorney, was to provide almost all of the project's financial backing. The restaurant opened for business in February, 1962, and was incorporated in the State of California in April of that year. Although both Richmond and Alexander were officers and directors of the corporation, they conferred infrequently about the restaurant, and Richmond devoted his full energies to his law practice.

In August, 1964, the corporation was authorized to issue stock. At that time Richmond held promissory notes from the restaurant totalling $85,600, and Alexander held notes for $23,803. There were then no other creditors who now make, or apparently have, any claims against the bankrupt. The corporation issued 500 shares of stock to Richmond in exchange for the cancellation of $5,000 of its indebtedness to him and 540 shares to Alexander for cancellation of indebtedness to Alexander in the amount of $5,400. Richmond received a note from the corporation for the remaining debt, as did Alexander, and it is for the obligation evidenced by this note that Richmond seeks to share in the remaining assets of the corporation. The note was payable at 6 percent per annum and provided for payment in three installments. Nothing was ever paid on the note although Richmond did request payment from time to time. In July of 1969 Richmond filed suit to recover on the note, apparently to preserve his claim against the running of the statute of limitations.

The restaurant reported annual business losses from 1967 through November 1970, when it closed due to the death of Alexander. In October, 1971, the restaurant declared bankruptcy.

The Bankruptcy Judge concluded that the restaurant was undercapitalized and that therefore it would be inequitable to permit Richmond to share equally with other creditors.

The subordination order was entered on February 5, 1974. Upon application by Richmond, the Bankruptcy Judge extended the time for appeal to March 7, 1974. On March 7, Richmond filed a Motion for Reconsideration. That Motion was denied without a hearing on March 12, 1974, and on March 18, 1974, Richmond filed his notice of appeal.

The Trustee first contends that the District Court had no jurisdiction because Richmond's notice of appeal was not filed within 10 days after the subordination order was entered, as required by Bankruptcy Rule 802(a). *See also* 11 U.S.C. § 67(c). The 10-day rule is mandatory, and the District Court did not have discretion to entertain the appeal if, indeed, the appeal was untimely. *In re Benefiel*, 500 F.2d 1219 (9th Cir. 1974). Richmond contends, however, that his appeal was filed within the 10-day limit because the time did not

---

* The Honorable Robert Van Pelt, Senior United States District Judge for the District of Nebraska, sitting by designation.

begin to run until March 12, 1974, the date upon which his Motion to Reconsider was denied. We agree.

Bankruptcy Rule 802(b) provides in part:

"(b) Effect of Motion on Time for Appeal. The running of the time for filing a notice of appeal is terminated as to all parties by a timely motion filed with the referee by any party pursuant to the rules hereafter enumerated in this subdivision. The full time for appeal fixed by this rule commences to run and is to be computed from the entry of any of the following orders made upon a timely motion under such rules: . . . (3) granting or denying a motion under Rule 923 to alter or amend the judgment."

We conclude that a motion to reconsider is a motion to "alter or amend the judgment" within the meaning of Rule 802(b)(3)[1] and that its filing extends the ordinary time limitation for appeal. *See Securities & Exchange Commission v. Baroff*, 497 F.2d 280 n.3 (2d Cir. 1974).[2] It would be a waste of judicial resources to require that an appeal be filed when the granting of a pending motion to reconsider might eliminate the need for an appeal.

The Trustee next contends that the Bankruptcy Judge properly exercised his equitable power to subordinate Richmond's claim to those of the other creditors.

■ A creditor's claim cannot be subordinated to the claims of other creditors simply because the claimant is an officer, director, or controlling shareholder in a bankrupt corporation. *Frasher v. Robinson*, 458 F.2d 492 (9th Cir.), *cert. denied*, 409 U.S. 1009, 93 S.Ct. 443, 34 L.Ed.2d 302 (1972); *Theriot v. Plane*, 126 F.2d 1015 (9th Cir. 1942); Anno., 51 A.L.R.2d 989, 994. However, when it would be inequitable to permit such a creditor to share equally with other creditors, the Bankruptcy Judge may subordinate his claim. *Costello v. Fazio*, 256 F.2d 903 (9th Cir. 1958); Anno., 51 A.L.R.2d 989, 993.

In *Costello, supra*, three individuals engaged in a partnership for the operation of a plumbing company. The partnership capital consisted of $51,620.78, of which each of the three partners had invested unequal amounts. After four years of operation the business was undergoing serious financial difficulties, and the decision was made to incorporate. In the year preceding incorporation net losses totalled $22,521.34. In anticipation of incorporation, all of the partnership capital except $6,000 was withdrawn and converted into debt evidenced by promissory notes issued to two of the

---

1. The Trustee contends that a motion to reconsider has been explicitly excluded from the termination provisions of Rule 802(b)(3). He points out that Rule 923, to which reference is made in Rule 802(b)(3), provides: "*Except as provided in Rule 307*, Rule 59 of the Federal Rules of Civil Procedure applies in bankruptcy cases." (emphasis added.) Federal Rule of Civil Procedure 59(e) provides that motions to *alter or amend the judgment must be served* within 10 days after entry of judgment. Bankruptcy Rule 307, the stated exception to Rule 923, permits motions for reconsideration. Thus, the Trustee argues, if only motions brought under Rule 923 terminate the running of the time for appeal, and if motions for reconsideration are explicitly excepted from Rule 923, it follows syllogistically that motions for reconsideration do not terminate the running of the time for appeal.

We reject such a hypertechnical interpretation of the pertinent Rules. The Advisory Committee's comments to Rule 923 make it clear that the purpose of excluding motions for reconsideration from the requirements of Rule 59 is to avoid restricting the discretion of the Bankruptcy Judge to reconsider his order, not to exclude such motions from the termination provisions of Rule 802(b)(3). Anno., U.S.C.A. Bankruptcy Rules 923 (West 1975). The termination provisions of Rule 802(b) are analogous to similar provisions in Rule 4(a) of the Federal Rules of Appellate Procedure (Advisory Committee Comments, U.S.C.A. Bankruptcy Rules 802 (West 1975)), and a motion to reconsider will extend the time for appeal under Rule 4(a) if the motion is timely made. 9 *Moore's Federal Practice* ¶ 204.12[1].

2. The Trustee attempts to distinguish *Baroff* on the ground that there a hearing was held on the motion to reconsider, whereas no hearing was conducted in the present case. This contention is without merit. Any purpose that might be served by extending the time for appeal when a hearing is held would be equally well served by extending the time for appeal when the Bankruptcy Judge deliberates and determines the merits of the motion without having conducted a formal hearing.

partners. An expert testified that there was little hope of financial success at that time in view of the recent business reverses. The business was incorporated, and the partnership debts, including the two promissory notes issued to the former partners, were assumed by the corporation. Two years later, when the corporation filed a voluntary petition in bankruptcy, the two former partners made claims on their promissory notes. The Bankruptcy Referee refused to subordinate their claims, finding that the corporation was adequately capitalized and that the claimants had not acted for their own personal or private benefit to the detriment of the corporation. The District Court affirmed, but our Court reversed, holding that both of the critical findings of the Bankruptcy Referee were clearly erroneous.

Here, the Bankruptcy Judge concluded that the present case is controlled by *Costello*. Because of the result we reach, we can assume, without deciding, that the Bankruptcy Judge was correct in concluding that the restaurant was undercapitalized. Nevertheless, given this assumption, undercapitalization is the only significant fact common to both our present case and *Costello*.

In *Costello*, the claimants argued that mere undercapitalization should not, in and of itself, be sufficient to require subordination of their claims. We responded that "much more" than mere undercapitalization had been shown. 256 F.2d at 910. It seems virtually undeniable that the facts in *Costello* reflect a calculated maneuver by the investors, met with consistent business reverses, to attempt to reduce their risk to the detriment of other creditors. The *Costello* court found it significant that the partners "stripped the business of eighty-eight per cent of its stated capital at a time when it had a minus working capital and had suffered substantial business losses." 256 F.2d at 910.

In contrast, here the bankrupt did not begin to suffer business losses until several years after its incorporation. There was thus no clear intention by Richmond and Alexander to shift their risk to other creditors in the face of business reverses. Indeed, there was no stripping away of the restaurant's capitalization at all. Richmond held promissory notes for money loaned to the restaurant from the outset. At no time was existing capital withdrawn and converted into debt.

Moreover, it is not disputed that Richmond was not at all active in the operation of the enterprise. Before the legitimate claim of an officer, director, or shareholder of a bankrupt corporation may be subordinated to the claims of other creditors, not only must that person have the ability and intent to control the corporation, but he must in fact exercise that control to the detriment of other creditors. *In re Brunner Air Compressor Corp.*, 287 F.Supp. 256, 265 (N.D.N.Y.1968). The record is devoid of any evidence whatsoever that Richmond exercised such control.

In our view, mere undercapitalization, standing alone, is not enough to justify the subordination of the legitimate claims of officers, directors, and shareholders of a bankrupt corporation to those of other creditors. We acknowledge that a claim may be subordinated even in the absence of fraud or mismanagement, *Costello, supra*, 256 F.2d at 910, Loisseaux, *Loans or Capital Contributions to the Close Corporation*, 38 J. of Nat'l Ass'n of Ref. in Bankruptcy 4 (1964). Nevertheless, a Bankruptcy Court is a court of equity, and subordination requires some showing of suspicious, inequitable conduct beyond mere initial undercapitalization of the enterprise. The record does not support the conclusion that Richmond engaged in any such inequitable conduct. We therefore conclude that the District Court properly overturned the conclusion of the Bankruptcy Judge that Richmond's claim should be subordinated.

AFFIRMED.